E-FILED
Wednesday, 03 August, 2022  04:18:35 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

TAMMI KEMPF,              )
                         )
    **Plaintiff,**       )
                         )
    v.                  )        No. 19-cv-3174
                         )
ILLINOIS DEPARTMENT OF    )
HUMAN SERVICES,           )
                         )
    **Defendant.**        )

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff Tammi Kempf was employed by Defendant Illinois Department of Human Services as a Security Therapy Aide until her employment was involuntarily terminated in October 2017.  Plaintiff filed suit, alleging that her termination violated her rights under the Family and Medical Leave Act of 1993 (the "FMLA").  The cause is now before this Court on the parties' cross-motions for summary judgment.  For the reasons set forth below, Plaintiff's Motion (d/e 27) is GRANTED and Defendant's Motion (d/e 19) is DENIED.

# I. FACTS

Plaintiff Tammi Kempf began working for the Illinois Department of Human Services ("IDHS") in January 2008.  Under the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/40, IDHS is responsible for housing and treating individuals who have been adjudicated to be sexually violent persons.  IDHS houses sexually violent persons at the Rushville Treatment & Detention Facility ("TDF").  Throughout her tenure at IDHS, Kempf worked at TDF as a Security Therapy Aide 1.  Kempf's responsibilities in this position included taking care of and monitoring TDF residents, helping residents with basic tasks, and transporting residents to and from court.

From approximately 2009 until her termination in 2017, Kempf received protected FMLA leave for two medical conditions, migraine headaches and anxiety, that flared up periodically and caused her to miss work with little warning.

On July 27, 2015, after accruing five "no call no show" absences for reasons unrelated to her medical conditions, Kempf entered into a Last Chance Agreement with IDHS in lieu of

termination.  Under the Last Chance Agreement, Kempf agreed that any further violations of IDHS's Affirmative Attendance policy within two years of July 27, 2015 would be cause for discharge.

Under 29 C.F.R. § 825.305, employers subject to the FMLA may require employees to produce a medical certification in support of any claim to protected FMLA leave.  Any employer that so requires must give notice to the employee that a certification is required each time the certification is required.  IDHS's policy is to require any employees who request FMLA leave to produce a medical certification in support of their request.

Kempf requested FMLA leave on a number of occasions between approximately 2009 and 2017.  IDHS initially required Kempf to provide a new FMLA certification every twelve months, but at some point IDHS began to require re-certification every six months instead.  IDHS typically provided notice that re-certification was required via an "FMLA packet," which included a notice of eligibility to take FMLA leave, a fact sheet about the FMLA from the Department of Labor, a medical certification form to be completed

by a doctor, and a notice regarding Kempf's rights and responsibilities under the FMLA.

Kempf's most recent period of FMLA coverage before the absences that led to her termination began on January 4, 2017. Kempf requested FMLA leave in early January 2017, received an FMLA packet from IDHS, and submitted the completed certification form on January 20, 2017. Kempf's FMLA leave request was approved, and on February 2, 2017, she received an FMLA designation notice stating that she was "approved for FMLA protection effective **01/04/2017 – 07/03/2017**." D/e 19, exh. 3.

On July 16, 2017, Kempf called TDF before the start of her shift and indicated that she would be absent due to illness and that she was seeking FMLA leave. Because Kempf's previous FMLA approval period had expired, TDF's Personnel Director and FMLA Coordinator, Kendra Williams, prepared an FMLA packet for Kempf. On July 19, 2017, Williams placed the FMLA packet in a sealed envelope marked with Kempf's name and the word "confidential" and placed the envelope in Kempf's staff mailbox at TDF. The "Eligibility of Rights and Responsibilities" form included in the

FMLA packet stated that "[y]our failure to return the completed certification by **August 3, 2017** may result in the denial of your FMLA protection or delay the start of your entitlements."

Kempf, however, did not check her staff mailbox and did not receive the FMLA packet.  Kempf again called in sick and indicated that she was taking FMLA leave on July 22, 2017, and July 29, 2017.[1]  On August 9, 2017, Williams prepared a document informing Kempf that her FMLA leave request had been denied because she had not timely submitted the required medical certification.  When Williams went to place the FMLA denial notice in Kempf's staff mailbox, Williams saw that the sealed envelope containing the FMLA packet that she had placed in the mailbox on July 19 was still lying there unopened.

After August 9, 2017, Kempf called in sick for several days in a row, beginning on August 12.  On August 15, Williams mailed the FMLA denial notice to Kempf's home address by U.S. postal mail. Also on August 15, Williams prepared a new FMLA packet and

---

[1] The parties appear to mutually assume that Kempf attended work at some point between July 19 and July 29, 2017.  However, nothing in the briefing, the agreed statements of fact, or the exhibits establishes which days, if any, Kempf was present at TDF during that period.

mailed it to Kempf's home address.  The eligibility notice in the new FMLA packet indicated that the packet was being sent in response to Kempf's FMLA request of August 12, rather than the FMLA requests from July 16, 22, and 29.  The eligibility notice also indicated that failure to return the medical certification form by September 1, 2017, might result in the denial of FMLA protection. Kempf received the FMLA packet on August 23, 2017.  Kempf's physician returned the completed FMLA certification to IDHS on September 7, 2017.

On August 28,[2] 2017, IDHS held a pre-disciplinary hearing regarding Kempf's absences on July 16, 22, and 29.  Kempf was suspended pending discharge by IDHS on September 13, 2017, and on October 9, 2017, IDHS terminated Kempf's employment.  IDHS's stated basis for terminating Kempf was that she had three unauthorized absences on July 16, 22, and 29, 2017, and that

---

[2] Kempf's statement of undisputed material facts asserts that the pre-disciplinary hearing took place on "August 2, 2017."  IDHS has not disputed this assertion.  The document to which Kempf's fact statement cites, however, indicates that the hearing actually took place on August 28, 2017.  Moreover, IDHS has never claimed that Kempf's certification was overdue before August 3, 2017, so no disciplinary hearing would have been held before that date.  The Court will, therefore, treat the date given in Kempf's undisputed statements of material fact as the result of a typographical error.

these absences violated IDHS's Affirmative Attendance policy and Kempf's Last Chance Agreement.

On July 16, 2019, Kempf filed a one-count Complaint with this Court, alleging that IDHS violated her rights under the FMLA by failing to provide her with an eligibility notice, improperly requiring her to submit additional medical documentation, and terminating her employment.[3]  The parties filed the pending cross-motions for summary judgment on December 9, 2021.  Kempf's Motion for Partial Summary Judgment (d/e 17) requests summary judgment in Kempf's favor as to liability only.  IDHS's Motion for Summary Judgment (d/e 19) requests that the Court enter judgment in favor of IDHS and against Kempf.  Each of the parties filed a response (d/e 21, 22) to the opposing party's summary judgment motion on January 14, 2022 and a reply (d/e 23, 24) to the opposing party's response on January 28, 2022.

---

[3] Kempf's summary judgment briefing does not argue that any of IDHS's actions other than the denial of FMLA leave and termination of Kempf's employment interfered with Kempf's rights under the FMLA.  Accordingly, the Court assumes that Kempf has abandoned the claims that IDHS interfered with Kempf's FMLA rights by failing to provide her with an eligibility notice and by improperly requiring her to submit additional medical documentation.

## II. JURISDICTION

This Court has subject matter jurisdiction because Kempf's claims arise under the FMLA, which is a federal statute.  See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").  Venue is proper because IDHS is a resident of the Central District of Illinois and because a substantial part of the events or omissions giving rise to Kempf's claims occurred in the Central District of Illinois.  28 U.S.C. § 1391(b).

## III. LEGAL STANDARD

Summary judgment is proper if the movant shows that no genuine dispute exists as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The movant bears the initial responsibility of informing the Court of the basis for the motion and identifying the evidence the movant believes demonstrates the absence of any genuine dispute of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A genuine dispute of material fact exists if a reasonable trier of fact could find in favor of the nonmoving party.  Marnocha v. St. Vincent

Hosp. & Health Care Ctr., Inc., 986 F.3d 711, 718 (7th Cir. 2021).

When ruling on a motion for summary judgment, the Court must

construe all facts in the light most favorable to the non-moving

party and draw all reasonable inferences in that party's favor.  King

v. Hendricks Cty. Commissioners, 954 F.3d 981, 984 (7th Cir.

2020).

## IV. ANALYSIS

Under the FMLA, any eligible employee who suffers from a

qualifying serious health condition is entitled to up to twelve weeks

of leave during any twelve-month period.  29 U.S.C. § 2612(a)(1).

The FMLA also creates a cause of action for employees whose

employers "interfere with, restrain, or deny" the employee's right to

FMLA leave.  Id. §§ 2615(a)(1), 2617(a).  To prevail on an FMLA

interference claim, an employee must show that: (1) she was

FMLA-eligible; (2) her employer was covered by the FMLA; (3) she

was entitled to FMLA leave; (4) she provided sufficient notice of her

intent to take leave; and (5) her employer denied her FMLA benefits

to which she was entitled.  Burnett v. LFW Inc., 472 F.3d 471, 477

(7th Cir. 2006).

The parties agree that Kempf was FMLA-eligible and that IDHS was covered by the FMLA. IDHS also admits that it denied Kempf's request for FMLA leave and that Kempf would have been entitled to FMLA leave if she had provided adequate notice of her intent to take leave. However, IDHS argues that the notice Kempf provided of her intent to take FMLA leave was insufficient because Kempf did not timely submit a medical certification in support of her leave request. Kempf's position is that her certification was timely submitted.

IDHS does not argue that Kempf's absences would have violated the Last Chance Agreement or IDHS's Affirmative Attendance Policy if the absences had been covered by the FMLA. The parties agree that Kempf's doctor submitted a medically satisfactory certification to IDHS on September 7, 2017. The only disputed issue raised in the parties' cross-motions for summary judgment is whether this submission was timely.

The FMLA provides that an employer may require that FMLA leave requests "be supported by a certification issued by the health care provider" of the employee. 29 U.S.C. § 2613(a). Employers

may also require employees who take FMLA leave to "obtain subsequent recertifications on a reasonable basis." Id. § 2613(e). Department of Labor regulations implementing the FMLA provide that an employee "must provide the requested certification to the employer within 15 calendar days after the employer's request" unless the employer provides a longer period or unless doing so is not practicable despite the employee's good-faith efforts. 29 C.F.R. § 825.305(b). However, an employer "must give notice of a requirement for certification each time a certification is required." Id. § 825.305(a). For an initial certification, this notice must be written, but for any subsequent recertification request made within twelve months of the initial certification notice may be given orally. See id. ("[S]uch notice must be written notice whenever required by § 825.300(c)."); id. § 825.300(c)(1) ("This notice shall be provided to the employee each time the eligibility notice is provided pursuant to paragraph (b) of this section."); id. § 825.300(b) (requiring employers to provide an eligibility notice "at the commencement of the first instance of leave for each FMLA–qualifying reason in the applicable 12–month period").

Kempf asserts that IDHS was obligated to provide her with written notice of the certification requirement, and that oral notice of the recertification requirement would have been insufficient.  See d/e 18, pp. 17–18.  Under 29 C.F.R. § 825.305, IDHS was so obligated only if IDHS's certification request was an initial certification request rather than a request for recertification. However, as IDHS did not provide either oral or written notice of the certification requirement prior to August 23, it is not necessary to analyze whether IDHS's request was an initial certification request or a recertification request.

When an employee fails to provide a properly requested medical certification within the prescribed fifteen-day time period, an employer is entitled to deny the employee's FMLA leave request. See 29 C.F.R. § 825.313(b) ("[I]f the employee fails to timely return the certification, the employer can deny FMLA protections for the leave following the expiration of the 15–day time period until a sufficient certification is provided.").  Denial of Kempf's requests for FMLA leave on July 16, 22, and 29, 2017, would have resulted in three unexcused absences for Kempf.  Under the Last Chance

Agreement that Kempf entered into in July 2015, any unexcused absence taking place prior to July 27, 2017, was cause for discharge.  In other words, IDHS is not liable for interfering with Kempf's rights under the FMLA if Kempf's September 7, 2017 submission of the certification was untimely.

However, the fifteen-day clock for submission of a certification or recertification does not begin to run until the employee receives notice that a certification has been requested.  See id. ("[A]n employer may deny FMLA coverage for the requested leave if the employee fails to provide a certification within 15 calendar days from receipt of the request for certification . . . .") (emphasis added); Graziadio v. Culinary Inst. of Am., 817 F.3d 415, 426 (2d Cir. 2016) ("Under the FMLA, an employee seeking leave need not submit a medical certification unless and until one is specifically requested by her employer.")  IDHS concedes that Kempf's doctor submitted a complete and sufficient certification on September 7, 2017—fifteen calendar days after August 23, 2017.  Therefore, IDHS is liable to Kempf for FMLA interference if IDHS did not adequately notify Kempf of the certification request prior to August 23, 2017.

IDHS concedes that Kempf received a written certification request relating to her summer 2017 FMLA requests for the first time on August 23, 2017.  However, IDHS argues that Kempf nevertheless had actual notice of the certification request prior to that date because "her preceding FMLA designation notice expressly stated its term of coverage was from January 4, 2017 to July 3, 2017" and because Kempf was aware of IDHS's policy requiring recertification every six months.  D/e 22, pp. 13–14.  IDHS also argues that Kempf had constructive notice of the certification request because Kempf should have been aware that certification would be required and because IDHS left the appropriate FMLA paperwork in Kempf's staff mailbox, consistent with IDHS's usual practice.

The FMLA designation notice that Kempf received in February 2017 did indicate that Kempf's FMLA leave would be covered from January 4, 2017, to July 3, 2017.  However, the designation notice makes no mention of when, if ever, IDHS intended to request a new certification from Kempf.  Notice that an employee's FMLA coverage period is ending is not the same as notice that the employer is

requesting a medical certification.  An employee seeking FMLA leave is not required to submit a medical certification, or recertification, unless and until their employer specifically requests such a certification.  <u>Graziadio</u>, 817 F.3d at 426.  Nor does the fact that IDHS had a policy of requiring recertification every six months for employees like Kempf and had asked Kempf to provide new certifications or recertifications every six months for a period of time prior to 2017 satisfy the notice requirement.  Pursuant to the Department of Labor's FMLA regulations, "[a]n employer must give notice of a requirement for certification each time a certification is required."  29 C.F.R. § 829.305(a).

Courts in a number of jurisdictions have held that the certification notice requirement is not satisfied by, for example, an employee handbook stating that medical certifications are required every time an employee requests FMLA leave.  <u>See, e.g.</u>, <u>Henderson v. Whirlpool Corp.</u>, 17 F. Supp. 2d 1238, 1246 (N.D. Okla. 1998); <u>Perry v. Jaguar of Troy</u>, 353 F.3d 510, 514 (6th Cir.2003) ("Even though the need for medical certification was stated in defendant's employee handbook, the regulations required defendant again to

ask for certification after [plaintiff] told his supervisor he wanted
leave . . . ."); Michener v. BryanLGH Health Sys., No. 4:08-CV-3202,
2009 WL 2840530, at *4 (D. Neb. Aug. 31, 2009) (collecting cases).
IDHS had an obligation to specifically request an FMLA certification
each and every time a certification was required.  This obligation
was not satisfied by the FMLA designation notice, both because the
designation notice was issued several months before the FMLA
leave requests at issue in this case and because the designation
notice did not include any mention of future certification
requirements.  Accordingly, the Court finds that Kempf did not
receive actual notice of IDHS's certification request until August 23,
2017.

IDHS also argues that Kempf received constructive notice of
the certification request.  IDHS does not cite, and this Court is not
aware of, any authority holding that constructive notice can satisfy
the certification notice requirement set forth in 29 C.F.R.
§ 825.305(a).  That regulation states that notice of a certification
requirement must be "written notice" for a certification request, and
that "[a]n employer's oral request" is sufficient for a recertification

request.  29 C.F.R. § 825.305(a).  The expression of these two

options, written notice and actual notice, implies the exclusion of

constructive notice.  See Antonin Scalia & Bryan A. Garner,

Reading Law: The Interpretation of Legal Texts 107–11 (2012)

(discussing the negative-implication canon).

In Gardner v. Detroit Entertainment, LLC, No. 12-14870, 2014

WL 5286734 (E.D. Mich. Oct. 15, 2014), an employer requested

recertification from an employee by e-mailing the employee's

company e-mail account.  The employee did not check her e-mail

account or open the e-mail, but the employer still treated her

absences as unexcused and terminated her employment.  The

Eastern District of Michigan denied the employer's motion for

summary judgment, observing that "oral notification, a person-to-

person communication, guarantees actual notice to the employee"

while the sending of an email, "in the absence of any proof that the

email had been opened and actually received, can only amount to

proof of constructive notice."  Id. at *7.  The Gardner court also

noted that "no representative of Defendant made any effort to speak

with Plaintiff about the need to re-certify the basis of her FMLA

leave request" until several absences that the plaintiff believed to be FMLA protected had accumulated.  Id.

IDHS argues that, as a matter of policy, employers should not be required to bear the "burden" of "hold[ing] the hand of every employee seeking FMLA leave."  D/e 22, p. 15.  But interpreting the applicable Department of Labor regulations to require actual notice of certification requests does not place an undue burden on employers.  If IDHS's request was for recertification, all that was required was that someone from IDHS inform Kempf, orally or in writing, that a certification was required.  A single spoken sentence would have been sufficient.  While placing an FMLA packet in an employee's staff mailbox was the normal procedure as of July 2017, Williams and Kempf both testified that in previous years FMLA packets had been handed out to employees in person—a practice that would unquestionably have provided her with actual notice. Alternatively, IDHS could have simply refrained from firing Kempf once it realized that she had not received notice and informed her of the need to provide a certification at that point. Nevertheless, as in Gardner, no representative of the defendant alerted the plaintiff of

the need to provide a certification until after the plaintiff's FMLA leave request had been denied.

IDHS also argues that Kempf was "derelict in her responsibility to keep track of her FMLA coverage term" and that Kempf bore the burden of returning a certification once IDHS placed the appropriate paperwork in Kempf's staff mailbox.  D/e 22, p. 15.  Viewing the facts in the light most favorable to IDHS, it does appear that Kempf was remiss in neglecting to check her staff mailbox.  Kempf had received FMLA packets in her mailbox in the past and had usually—though not always—been required to provide a new certification every six months.  But, while the FMLA and its implementing regulations place a number of responsibilities on employees, the responsibility for providing actual notice of a certification request falls solely on the employer.  <u>See</u> 29 C.F.R. § 825.305(a).  It is not until after "receipt of the request for certification" that an employee bears the responsibility of providing a complete and sufficient certification within 15 days.  29 C.F.R. § 825.313; <u>see</u> 29 C.F.R. § 825.305(d).

## CONCLUSION

Because Kempf provided a complete and sufficient medical certification within 15 days of her receipt of IDHS's certification request, she was entitled to FMLA leave for her absences on July 16, 22, and 29, 2017.  Accordingly, the Court finds that IDHS's decision to deny Kempf FMLA leave and to terminate her on the basis of those absences violated Kempf's rights under the FMLA. Kempf's motion for summary judgment as to liability only (d/e 17) is, therefore, GRANTED.  Defendant's Motion for Summary Judgment (d/e 19) is DENIED.  This cause remains set for a trial as to damages only on October 18, 2022.

**ENTERED:  August 3, 2022**

**FOR THE COURT:**

*/s/ Sue E. Myerscough*

**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**